*E-Filed 2/11/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN ANGEL MARTINEZ, JR., | No. C 13-0556 RS (PR) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action in which he alleges that his continued confinement in Pelican Bay State Prison's Secured Housing Unit ("SHU") violates his First, Eighth, and Fourteenth Amendment rights. He asks for injunctive and equitable relief, and money damages. Defendants have filed a motion to dismiss and a reply to plaintiff's opposition. In the reply, defendants raise a significant issue, specifically whether plaintiff's action, insofar as it asks for injunctive and equitable relief, must be dismissed because he is a member of a pending class action brought by Pelican Bay prisoners housed in SHU, namely *Ashker v. Brown*, N.D. Cal. No. C 09-5796.

*Ashker* created two classes of plaintiffs. First, there is a "Due Process Class" consisting of "all inmates who are assigned to an indeterminate term at the Pelican Bay SHU on the basis of gang validation, under the policies and procedures in place as of September

10, 2012." *Ashker*, Docket No. 317 at 21.  Second, there is an "Eighth Amendment Class" of "all inmates who are now, or will be in the future, assigned to the Pelican Bay SHU for a period of more than ten continuous years." *Id.*

Plaintiff appears to be in both classes.  He belongs to the first because he is housed in Pelican Bay's SHU on the basis of gang validation.  He belongs to the second because he is now or will in the future be assigned to the SHU for ten continuous years.  As of the date of his 2013 amended complaint, he had been housed in the SHU for over 9 years, and it appears that he will be there for more than 10 continuous years.  Also, a review of the operative complaints in *Ashker* and in the instant matter shows that the documents are strikingly similar.  Large sections of plaintiff's complaint match the *Ashker* complaint word-for-word.

An individual suit for injunctive and equitable relief from allegedly unconstitutional prison conditions may be dismissed when it duplicates an existing class action's allegations and prayer for relief.  *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).  A class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events.  *See Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996).

**Accordingly, plaintiff is ordered to show cause why his Eighth and Fourteenth Amendment claims for injunctive and equitable relief should not be dismissed owing to his being a member of the two *Ashker* classes.  Plaintiff shall file his response on or before April 1, 2015.  No extensions of time will be granted.**  If plaintiff fails to file an appropriate response on or before April 1, 2015, the entire action will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Defendants are asked to file a response to plaintiff's response to the order to show cause.  Such response shall be filed within 45 days after the filing of plaintiff's response.  Defendants may wish to address whether the current action should be stayed pending resolution of *Ashker*, which is set for trial in December 2015.

Because plaintiff's response to this order will affect the future of this case, the merits of defendants' motion to dismiss and plaintiff's motion to compel will have to be addressed at a later time. Accordingly, defendants' motion to dismiss (Docket No. 39) and plaintiff's motion to compel (Docket No. 45) are DENIED without prejudice. The Clerk shall terminate Docket Nos. 39 and 45.

**IT IS SO ORDERED**.

DATED: February 11, 2015

_____
RICHARD SEEBORG
United States District Judge